JS 44  (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
W.G./Welch Mechanical Contractors, LLC

**DEFENDANTS**
International Association of Sheet Metal, Air, Rail & Transportation Workers, Local 100; Richard D. LaBille, III; Charles Sewell; David Goetzke

**(b)** County of Residence of First Listed Plaintiff    Washington Co., PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Prince Georges, MD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven M. Toprani
2559 State Route 88
Finleyville, PA 15332

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 (a)(1)
Brief description of cause:
Defamation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE  9/12/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WG/WELCH MECHANICAL | ) | Docket: |
| CONTRACTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL ASSOCIATION | ) | |
| OF SHEET METAL, AIR, RAIL & | ) | |
| TRANSPORTATION WORKERS, | ) | |
| LOCAL UNION 100 – SHEET METAL | ) | |
| DIVISION, RICHARD D. LABILLE, III, | ) | |
| CHARLES SEWELL, and DAVID GOETZKE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, WG/Welch Mechanical Contractors, LLC, by and through undersigned counsel, and files this instant Complaint against the International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union 100 – Sheet Metal Division, and its agents Richard D. LaBille, III, Charles Sewell and David Goetzke, and avers as follows:

## Parties

1.    Plaintiff is WG/Welch Mechanical Contractors, LLC (hereafter referred to as "WGW"), a specialty mechanical contractor organized under the laws of Delaware and conducting business from 260 Interstate Court, Frederick, Maryland, 21704.  As a limited liability company, WGW is directed by its member-manager, William G. Tomko, III, and has an additional member, William G. Tomko, Jr., both citizens of the Commonwealth of Pennsylvania.

2.    Defendant is the International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union 100 – Sheet Metal Division, General Fund (hereafter referred to as "SMART Local 100"), a labor union affiliated with the AFL-CIO and conducting

business from 4725 Silver Hill Road, Suitland, Maryland, 20746, and bearing entity number L09579624 as filed with the Maryland Department of Assessments & Taxation. At all times relevant to this action, SMART Local 100 conducted its business through its agents, Richard D. LaBille, III, Charles Sewell and David Goetzke.

3.     Defendant Richard D. LaBille, III (hereafter referred to as "LaBille") is the business manager and president of SMART Local 100, serving as its chief officer and conducting its day-to-day business.

4.     Defendant Charles Sewell (hereafter referred to as "Sewell") is a marketing representative for SMART Local 100, and serves as Trustee.

5.     Defendant David Goetzke (hereafter referred to as "Goetzke") is an organizer/marketing representative for SMART Local 100.

## Jurisdiction and Venue

6.     This Honorable Court has jurisdiction over this matter under 28 U.S.C. § 1332 (a)(1) because the parties are located and/or reside in different states and the amount in controversy exceeds $75,000.00. *See, e.g., General Technology Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 (4th Cir. 2004)( The court reasoned that when the citizenship of an LLC is at issue for diversity jurisdiction, "a limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 … [i]t is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members.").

7.     Venue is proper as a substantial part of the events, facts and circumstances giving rise to the claim occurred in the District for Maryland. See 28 U.S.C. § 1391(b)(2) and (c).

## Factual Allegations

8.      WGW is a mechanical contractor that provides construction services to residential property developers, or through general contractors managing such construction services, in Maryland, Virginia and the District of Columbia.  WGW is a stand-alone company with no corporate parents, subsidiaries, or affiliates.  WGW is a limited liability company owned by two-partners, William G. Tomko, Jr. and William G. Tomko, III, as set forth in ¶¶ 1, 6.

9.      WGW is a non-union employer in that it does not employ any union workers, does not draw labor from local union halls, nor has it ever been a signatory to any collective bargaining agreement.

10.      WGW has never signed a collective bargaining agreement with SMART Local 100.

11.      SMART Local 100 is the union for sheet-metal trades workers in the Maryland, Virginia and District of Columbia jurisdictions, and is a subsidiary of the national/international organization, as an affiliate of the AFL-CIO.

12.      To that end, SMART Local 100 is involved in certain union activities as a labor union.

13.      Beginning in approximately the early months of 2020, SMART Local 100 began taking actions directed at WGW, first, and later at its customers.

14.      As set forth in the paragraphs that follow, it is believed and averred that Local 100's agents, LaBille, Sewell and Goetzke conspired together to cause reputational harm to WGW and to tortiously interfere with its existing and prospective business relationships.

15.      At first, Local 100's actions were measured and consisted of passing out leaflets, handbills and other materials at jobsites, actions that may be protected as union organization activities.

16.     However, by the end of 2020, Local 100 shifted its efforts away from seemingly protected activities and began targeting WGW's customers and general contractors by supplying them with false and defamatory materials and information.

17.     These actions, as detailed in the paragraphs that follow, were not designed to foster union participation or affiliation, but were instead made to demonize a legitimate business and harm its relationships with its customers, development owners and general contractors. Worse, these actions have been directed at causing investigations with the Office of Attorney General of the District of Columbia.

18.     It is believed and therefore averred that these actions were taken solely to cause WGW financial and reputational harm. In this regard, Local 100 began soliciting a subcontractor, Reyes Plumbing, which had defaulted on the performance of its contracted work with WGW. Local 100 engaged attorneys for Reyes and prompted, aided or abetted them, in filing false reports with oversight agencies and in court filings. These efforts were an attempt by Local 100 to falsely paint WGW as using "labor brokers" to misclassify workers and avoid wage and hour and tax liabilities.

19.     Notwithstanding that Defendants knew that WGW did not commit any, let alone numerous, employment law violations, on or about April 27, 2022, Defendants mailed notices to WGW's customers which have construction contracts with WGW. This was Local 100's capstone effort to maximize financial harm to WGW, and followed their campaign to vilify and malign WGW in the media, to the business community and with government agencies.

20.     These letters state: "[p]lease be aware that W.G./Welch Mechanical Contractors, LLC – a contractor working on the construction of your Sunrise Senior living center on 1515 Chain Bridge Road, McLean, VA, and Sunrise Senior living center 308 Maple Avenue East, Vienna, VA

– has a concerning record of potential employment law violations.  Specifically, W.G./Welch has been falsely accused of failing to pay area standard wages, not paying employees in a timely manner, and misclassifying employees as independent contractors."  A true and correct copy of the letter dated April 27, 2022 is attached as "Attachment A."

21.    Local 100 doubled-down on these falsehoods by further stating:

The Attorney General's office for the District of Columbia is currently investigating W.G./Welch and one of its subcontractors, Mechanical Plumbing Crew Co., for alleged violations of D.C. employment laws, including the Minimum Wage Revision Act, the Sick and Safe Leave Act, the Living Wage Act, the Workplace Fraud Act, and/or the Wage Theft Prevention Amendment Act.  These laws protect employees from wage and safety abuses, as well as from being misclassified as independent contractors.

W.G./Welch is also being sued in the Superior Court for the District of Columbia for allegedly violating the D.C. Minimum Wage Law, failing to timely pay wages, and misclassifying employees as independent contractors in violation of the D.C. Workplace Fraud Act.

The *Washington Hispanic* recently reported on W.G./Welch's actions.  That article is attached.

We want to make sure you are aware that W.G./Welch has a concerning record when it comes to the treatment of its workers.

*See* "Attachment A."

22.    Local 100 sent this letter with intent, purpose and malice, and knowing its falsity.

23.    Specifically, it is believed and averred that the legal matters which Local 100 relates in the letter were directly initiated by Local 100 itself.  In that regard, Local 100's relation of these matters is disingenuous, false and malicious.

24.    Local 100 caused Aluira and Moreno, to initiate the legal proceedings from the Superior Court for the District of Columbia by targeting potential plaintiffs, arranging for their legal counsel and advancing payment for litigation expenses, and contriving material misstatements of fact that were including in pleadings filed in that litigation.

25.     Further, it is believed and averred that Local 100 initiated the complaint with the Office of Attorney General to give facial appearance of legitimacy to the false, malicious, and defamatory claims asserted in the letter.  It is also believed and averred that Local 100 coordinated and otherwise arranged for the story related in the article in the *Washington Hispanic*.

26.     As a result of Local 100's concerted actions, W.G./Welch has suffered loss of business opportunities and incurred significant financial losses to defend against the orchestrated and false legal proceedings funding and directed by Local 100.  In total, WGW suffered an actual loss of $10,563,883.00 in annual revenue for the Fiscal Year 2022, due to declining sales attributable to Local 100's malicious campaign to damage WGW's financial relations.

### Count I – Intentional Interference with Business Relationships
#### Plaintiff v. All Defendants

27.     The averments of paragraphs 1 through 26 are incorporated by reference herein as if more fully set forth at length hereinafter.

28.     Maryland has long recognized the tort of interference with contractual or business relationships.  *See*, e.g., *Kaser v. Financial Protection Marketing, Inc.*, 376 Md. 621, *; 831 A.2d 49; 2003 Md. LEXIS 521, 6 (certified question case from the District Court for the District of Maryland to the Court of Appeals of Maryland).  These companion torts involve interference with business relationships by inducing the breach of an existing contract and, more broadly, maliciously or wrongfully interfering with economic relationships in the absence of a breach of contract.  *Id*. at 9-10.

29.     To prevail under a claim for tortious interference with business relationships, a plaintiff must establish the following elements: (1) the intentional and willful acts; (2) calculated to cause damage to plaintiff in its lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which

constitutes malice); and (4) actual damage and loss resulting." *See Natural Design, Inc. v. Rouse, Co.*, 302 Md. 47, 70 n. 11, 485 A.2d 663, 674 n. 11 (1984).

30.     As stated above, Defendants acted intentionally and willfully and in a manner to damage Plaintiff's lawful business, without justifiable cause, and caused Plaintiff actual damages and losses.  Further, Defendants' intentional actions were without a legitimate purpose and were intended to interfere with, impair and or destroy W.G./Welch's prospective contractual relationships.

31.     Plaintiff suffered such resulting damages and losses.

WHEREFORE, Plaintiff demands judgment in its favor and against each of the Defendants in an amount in excess of the jurisdictional amount and awarding compensatory and economic damages in the amount of $10,563,883.00, together with additional punitive damages, attorneys' fees, and such equitable and other relief as this Court deems just and proper.

### Count II – Civil Conspiracy
Plaintiff v. All Defendants

32.     The averments of paragraphs 1 through 31 are incorporated by reference herein as if more fully set forth at length hereinafter.

33.     A claim of civil conspiracy requires proof of three elements: (1) "a confederation of two or more persons by agreement or understanding"; (2) "some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal"; and (3) "actual legal damage resulting to the plaintiff." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154 (2007).

34.     As alleged in the paragraphs above, Defendants agents Richard D. LaBille, III, Charles Sewell and David Goetzke, together with SMART Local 100 officers, agents, employees or members known and unknown, did conspire together by agreeing to unlawfully and tortiously

interfere with Plaintiff's business relationships so as to cause damage and took actions in furtherance of said conspiracy.

WHEREFORE, Plaintiff demands judgment in its favor and against each of the Defendants in an amount in excess of the jurisdictional amount and awarding compensatory and economic damages in the amount of $10,563,883.00, together with additional punitive damages, attorneys' fees, and such equitable and other relief as this Court deems just and proper.

### Count III – Defamation/ Defamation Per Se
Plaintiff v. All Defendants

35.     The averments of paragraphs 1 through 34 are incorporated by reference herein as if more fully set forth at length hereinafter.

36.     The statements concerning Plaintiff as described above were made as statements of fact.

37.     The statements concerning Plaintiff as described above were communicated to a person or persons other than Plaintiff.

38.     Defendants knew the statements were false when they communicated them, or communicated them with reckless disregard for their truth or falsity, or acted negligently in failing to ascertain the falsity of the statement before communicating them.

39.     The statements concerning Plaintiff as described above constitute defamation per se in that the statements attribute to W.G./Welch conduct, characteristics, or a condition that is incompatible with its business or trade.

40.     Defendants knew the statements were false when they communicated them or communicated them with reckless disregard for their truth or falsity, or acted negligently in failing to ascertain the falsity of the statement before communicating them.

41.     Defendants gave publicity to untrue matters involving W.G./Welch that placed it before the public in a false light in a manner that is highly offensive to a reasonable person.

42.     Defendants knew the statements were false when they communicated them, or communicated them with reckless disregard for their truth or falsity, or acted negligently in failing to ascertain the falsity of the statement before communicating them.

43.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff demands judgment in its favor and against each of the Defendants in an amount in excess of the jurisdictional amount and awarding compensatory and economic damages in the amount of $10,563,883.00, together with additional punitive damages, attorneys' fees, and such equitable and other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Steven M. Toprani*
Steven M. Toprani, Esquire
Admitted to the District of Maryland, No. 21755
Counsel for Plaintiff

WG/Welch Mechanical Contractors, LLC
260 Interstate Court
Frederick, MD 21704

*/s/ Richard J. Cromer*
Richard J. Cromer, Esquire
Admission Pending to the District of Maryland
Counsel for Plaintiff

Leech Tishman Fuscaldo & Lampl, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219

SHEET METAL | AIR | RAIL | TRANSPORTATION **International Association of Sheet Metal, Air, Rail & Transportation Workers, Local Union 100— Sheet Metal Division** *Affiliated with AFL-CIO*

**Richard D. LaBille, III**
Business Manager/President
**Russell K. Robinson**
Financial Secretary-Treasurer

April 27, 2022

Chris Winkle, CEO
Sunrise Senior Living
7909 Westpark Drive
McLean, VA 22102

**Re: W.G./Welch Mechanical Contractors LLC**

Dear Sunrise Senior Living Center:

Thank you for taking the time from your busy schedule to review this letter. Given your company's commitment to dignity, respect, and trust, we are confident you will agree that the paragraphs below warrant your time and attention.

Please be aware that W.G./Welch Mechanical Contractors LLC – a contractor working on the construction of your Sunrise Senior living center on 1515 Chain Bridge Road, McLean, VA. and Sunrise Senior living center 308 Maple Avenue East, Vienna, VA. – has a concerning record of potential employment law violations. Specifically, W.G./Welch has been accused of failing to pay area standard wages, not paying employees in a timely manner, and misclassifying employees as independent contractors.

The Attorney General's office for the District of Columbia is currently investigating W.G./Welch and one of its subcontractors, Mechanical Plumbing Crew Co., for alleged violations of D.C. employment laws, including the Minimum Wage Revision Act, the Sick and Safe Leave Act, the Living Wage Act, the Workplace Fraud Act, and/or the Wage Theft Prevention Amendment Act. These laws protect employees from wage and safety abuses, as well as from being misclassified as independent contractors.

W.G./Welch is also being sued in the Superior Court for the District of Columbia for allegedly violating the D.C. Minimum Wage Law, failing to timely pay wages, and misclassifying employees as independent contractors in violation of the D.C. Workplace Fraud Act.

The *Washington Hispanic* recently reported on W.G./Welch's actions. That article is attached.

ATTACHMENT A

We want to make sure you are aware that W.G./Welch has a concerning record when it comes to the treatment of its workers. Thank you for your consideration of this important matter. If you have any questions or would like to discuss this issue in more detail, please do not hesitate to contact me.

Sincerely,

David Goetzke
Organizer/ Marketing Representative
240-736-0830
dgoetzke@smart100.org

cc: Chuck Sewell: Smart 100
    Dan White: President W.G. Welch LLC Mechanical Contractor
    Robert Kehoe: Whiting-Turner Northern VA, Division Vice President ✓