```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                   :
WG/WELCH MECHANICAL CONTRACTORS,
LLC                                :

     v.                            :   Civil Action No. DKC 22-2296

INTERNATIONAL ASSOCIATION OF       :
SHEET METAL, AIR, RAIL &
TRANSPORTATION WORKERS, LOCAL      :
UNION 100 – SHEET METAL
DIVISION, et al.                   :
```

**MEMORANDUM OPINION**

Plaintiff WG/Welch Mechanical Contractors, LLC, filed this case asserting federal subject matter jurisdiction based on diversity of citizenship. (ECF No. 1, at 3). Plaintiff is an LLC whose only two members are citizens of Pennsylvania. (ECF No. 1, at 2). Defendants are the International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union 100 – Sheet Metal Division ("SMART Local 100"), and three individual union employees. (ECF No. 1, at 2-3). As an "unincorporated labor union," SMART Local 100's citizenship for diversity purposes is determined by the citizenship of "each of its members." *Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146-47 (1965). The Complaint, however, did not provide the citizenship of SMART Local 100's members or of the three individual Defendants. Thus, the court directed the parties to provide the needed citizenship

information.  (ECF No. 22).  The court also invited the parties to brief any alternative bases for federal jurisdiction.

Defendants responded to the court's order, (ECF No. 23), but Plaintiff has not.  In an affidavit attached to Defendants' response, SMART Local 100's Office Manager stated that—according to the union's records—Pennsylvania is the "primary place of residence" for twenty-one active SMART Local 100 members.  (ECF No. 23-1, at 1-3).  While residence does not always reflect citizenship, *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998), it may be an aspect of domicile for purposes of determining citizenship.  Because Plaintiff's members are citizens of Pennsylvania and at least some of the union's members may be citizens of Pennsylvania as well, the court may lack diversity jurisdiction.

Defendants, however, argue that the court has federal question jurisdiction under 28 U.S.C. § 1331.  A court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the "well-pleaded complaint rule," courts "ordinarily look no further than the plaintiff's properly pleaded complaint" to "discern whether federal or state law creates the cause of action."  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (cleaned up).  This rule exists because "the plaintiff

2

[is] the master of the claim," and "he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The Complaint in this case raises only state common law claims.  (ECF No. 1, at 7-10).

There is, however, a "corollary" to the well-pleaded complaint rule known as the "complete pre-emption doctrine."  *Caterpillar*, 482 U.S. at 393.  Under this doctrine, when "an area of state law has been completely pre-empted" by federal law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.*

Defendants argue that Plaintiff's state law claims are completely preempted by Section 303 of the Labor Management Relations Act ("LMRA").  29 U.S.C. § 1987.  (ECF No. 23, at 2).  Under Section 303, it is "unlawful" for "any labor organization" to engage in conduct that is "defined as an unfair labor practice" by Section 8(b)(4) of the National Labor Relations Act ("NLRA"), *see* 29 U.S.C. § 158(b)(4).  Section 8(b)(4) in turn defines "unfair labor practice" to include certain secondary boycott activities, such as attempts to "threaten, coerce, or restrain any person engaged in commerce" for the purpose of "forcing or requiring any person . . . to cease doing business with any other person."  28 U.S.C. § 158(b)(4)(ii).  A party injured by such a labor practice

3

may bring a federal claim under Section 303 for compensatory damages in a "district court of the United States." 29 U.S.C. § 1987(b). Defendants argue that federal question jurisdiction exists because the Complaint raises claims that "plainly concern union secondary activities," for which Section 303 "provides the exclusive judicial remedy." (ECF No. 23, at 4).

The only basis for federal jurisdiction that Plaintiff has thus far asserted is diversity of citizenship. (ECF No. 1, at 1, 3). Plaintiff is directed to respond to Defendant's arguments. In particular, Plaintiff should explain whether it contests that any of SMART Local 100's members are Pennsylvania citizens, and whether it contests that its claims are completely preempted by Section 303. The response should be filed within fourteen (14) days. Once that response is received, the court can determine what further steps are required.

                                          /s/
                            DEBORAH K. CHASANOW
                            United States District Judge